**Aleksander HILA, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**No. 04–2389–AG NAC.**

United States Court of Appeals, Second Circuit.

Dec. 2, 2005.

Charles Christophe, New York, New York, for Petitioner.

Jim Letten, United States Attorney for the Eastern District of Louisiana, Kathryn W. Becnel, Diane Hollenshead Copes, Assistant United States Attorneys, New Orleans, Louisiana, for Respondent.

Present: NEWMAN, RAGGI, and WESLEY, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is hereby DENIED.

Aleksander Hila, through counsel, petitions for review of the BIA decision denying his motion to reopen his immigration proceedings. We assume the parties' familiarity with the underlying facts and procedural history.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for- mer Attorney General John Ashcroft as the respondent in this case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion will be found "in those circumstances where the [BIA]'s decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary conclusions or statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

The BIA denied Hila's motion to reopen to because it was untimely and did not fall within any of the exceptions provided in 8 C.F.R. § 1003.2(c)(3). Motions to reopen must be filed within 90 days after the final order of removal is entered. *See* 8 C.F.R. § 1003.2(c)(2). There is no dispute that Hila's motion was filed beyond the 90–day time requirement, and the only issue is whether Hila's motion falls within one of the enumerated exceptions.

The only exception that could possibly be applicable is the changed circumstances exception. 8 C.F.R. § 1003.2(c)(3)(ii). To succeed under the changed circumstances exception, Hila would have to prove that the country conditions in Albania had deteriorated since his original proceedings in September 2000 and his March 2000 motion to reopen. Hila submitted numerous documents, including country reports and newspaper articles, in support of his motion to reopen, however, these documents do not indicate that the situation in Albania has drastically changed since Hila's previous hearing. Therefore, the BIA did not abuse its discretion in denying as untimely Hila's motion to reopen.

Accordingly, the petition for review is DENIED. Having completed our review,

any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).